UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES HASSLER,

                Plaintiff

v.

ST. CLAIR COUNTY
TREASURERS OFFICE, *et al.*,

                Defendants.

_____/

Case No. 5:19-cv-12454
District Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST DEFENDANTS FOR FAILURE TO EFFECT TIMELY SERVICE AND FOR FAILURE TO SHOW CAUSE

**I.     RECOMMENDATION**:  The Court should dismiss Plaintiff's claims against all Defendants without prejudice for failure to comply with Fed. R. Civ. P. 4 and for failure to show cause.

**II.     REPORT:**

    **A.     Background**

On August 21, 2019, Plaintiff James Hassler, proceeding *in pro per*, filed this action alleging the illegal seizure of real property against four Defendants: (1) the St. Clair County Treasurers Office; (2) St. Clair County Treasurer Kelly Roberts-Burnett; (3) attorney Thomas Allen Francis; and (4) The Law Firm of Fletcher Fealko Shoudy & Francis PC.  (ECF No. 1.)  The Court entered an order

on August 27, 2019, granting Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 4), and Judge Levy referred the case to me for pretrial matters the same day (ECF No. 5).

### B.    The Court's Order to Show Cause

On August 28, 2019, the Court entered an order directing Plaintiff to complete and present to the Clerk's Office service documents to be served by the U.S. Marshals Service (USMS) (ECF No. 6), but Plaintiff failed to do so before the time for service under Fed. R. Civ. P. 4(m) had expired.  Accordingly, on February 4, 2020, I entered an order requiring Plaintiff to show cause "**IN WRITING ON OR BEFORE Tuesday, February 18, 2020**," why this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4.  (ECF No. 11, PageID.36.) In particular, Plaintiff was cautioned that "[i]n the event that [he] fails to establish good cause, the Court will issue a Report and Recommendation that Plaintiff's claims against Defendants be dismissed without prejudice."  (ECF No. 11, PageID.36-37.)

To date, Plaintiff has not filed a written response to the Court's show cause order, and Defendants remain unserved.

### C.    Discussion

The docket indicates that copies of the Court's orders (ECF Nos. 4, 9, 10) were served upon Plaintiff at his address of record at the time each order was

entered.  Moreover, the Clerk's Office served Plaintiff with a "Notice Regarding Parties' Responsibility to Notify Court of Address Changes."  (ECF No. 7.)  There is no indication on the docket that any of these attempts at service were returned as undeliverable.

Plaintiff having been ordered to show cause, having failed to show cause, and, further, having failed to comply with Fed. R. Civ. P. 4, the Court should dismiss Plaintiff's claims against Defendants without prejudice.  Fed. R. Civ. P. 4(m).

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

3

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 6, 2020                    s/*Anthony P. Patti*
                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 6, 2020, electronically and/or by U.S. Mail.

                                        s/Michael Williams
                                        Case Manager for the
                                        Honorable Anthony P. Patti